IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DYMERE SHAREEF WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MAYOR MICHAEL NUTTER; | : | |
| LOUIS GIORLA; and M. FARRELL | : | NO. 16-0457 |
| | | |
| MITCHELL S. GOLDBERG, J. | | NOVEMBER 21, 2016 |

<u>MEMORANDUM</u>

I.   **Factual Background**

*Pro Se* plaintiff Dymere Shareef Williams filed this action on January 27, 2016, asserting claims under 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis* ("IFP"). (Doc No. 1). Through an order dated March 22, 2016, the court advised Williams that if IFP status was granted, he would still be obligated to pay the full $350 filing fee in installments, even if the action was dismissed. (Doc No. 2). Williams was instructed to file a notice with the court by or before April 26, 2016 stating that he wished to proceed with this action and obligate himself to pay the filing fee. Nothing was filed in response. Through a second order dated October 4, 2016 the court again instructed Williams to file a notice stating he wished to proceed with this action and obligate himself to pay the filing fee in installments. (Doc No. 4). He was given until October 31, 2016 to comply with the second order, and was again advised that failure to comply may result in dismissal of this action. Williams has not communicated with the court in any manner since the original filing of this action on January 27, 2016.

For the reasons described below, Williams' action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

II.   **Legal Framework and Analysis**

The court has inherent power to dismiss an action *sua sponte* if a litigant fails to prosecute a case

or to comply with a court order. Fed. R. Civ. P. 41(b); *See also Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). However, before dismissal of an action, the court must balance the six factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): "(1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense."

*Semulka v. Doe*, 373 Fed. App'x 138 (3d Cir. 2010) confirms that a *Poulis* analysis is necessary. In *Semulka*, the plaintiff failed to file the amended complaint as ordered by the District Court, and his action was dismissed *sua sponte* under FRCP 41(b) based on this failure to comply. The court did so without ever ruling on plaintiff's IFP request. The Third Circuit held that it was error for the District Court to dismiss the complaint *sua sponte* without considering the *Poulis* factors. *Semulka*, 373 Fed. App'x at 140-41. *See also Shelley v. Patrick*, 361 Fed. App'x 299, 301 n. 5 (3d Cir. 2010) (holding that the District Court erred when it denied IFP and dismissed complaint without prejudice for failure to prosecute; "Even if the District Court's denial of IFP had been proper, dismissing [plaintiff's] complaint for failure to prosecute would have been error. . . the District Court is required to make explicit findings regarding the six factors enumerated in *Poulis*. . .").

While the case before me has a different procedural posture, like *Semulka* the plaintiff has failed to comply with a court directive. As noted above, the court has twice ordered Williams to file a notice confirming his intent to continue the action and to acknowledge that if IFP is granted, he will be obligated to pay the filing fees. Williams has ignored these orders, has failed to notify the court, or otherwise indicate an intent to continue with his lawsuit.

After considering the *Poulis* factors, I conclude that they weigh in favor of dismissal. Each is

discussed in turn.

### 1. The Extent of the Party's Responsibility

Williams has been advised of his obligations to comply with court orders on two occasions. He was also twice warned that failure to comply with court orders may result in the action being dismissed. There is no indication from the docket that Williams did not receive the court's communications. No mail has been returned as undeliverable and no change of address has been filed. Because the record before me reflects that Williams did receive the orders sent on March 22, 2016 and October 4, 2016, instructing him to file a notice of intent to proceed with the court, the responsibility was on Williams to notify the court by or before the deadline stated in each order. His failure to do so indicates a lack of intent to proceed.

### 2. Prejudice to the Adversary

Williams' failure to comply with court corders had not created prejudice to the defendants because the complaint has not yet been filed of record, and summonses have not issued.

### 3. History of Dilatoriness; and 4. Willful or Bad Faith Conduct

Prior to a grant of IFP status, Williams was twice advised about the implications of IFP obligating him to pay the full filing fee, and he was warned that failure to comply with court orders may result in dismissal. He had sufficient information available to him to make a decision regarding continuing with this action IFP, and was instructed to notify the court in order to proceed. In both instances, Williams failed to respond to the court's order in any manner. Nor has he communicated at all with the court to indicate an intent to continue pursuing this action.

### 5. Effectiveness of Sanctions Other than Dismissal

The alternative to dismissing this action would be for the court to determine IFP and allow the complaint to be filed and summons to issue. But Williams was told he needs to communicate with the court to confirm his intent to proceed *prior to* the court granting IFP status. A grant of IFP would obligate

Williams to pay the full filing fee, and by his inaction he has indicated to the court that he does not wish to proceed.

In this case, there is no alternative sanction available, and dismissal of this action will not bar Williams' access to the courts. Williams may reopen the action by filing a notice with the court within thirty (30) days of the date this opinion and corresponding order are filed. If he chooses to proceed, IFP status will be determined at that time and the complaint will be filed of record.

### 6. Meritoriousness of the Claim

This factor is not applicable. The District court must first "[evaluate] a litigant's financial status and whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)" before assessing the merits of the complaint. *Semulka v. Doe*, 373 Fed. App'x. 138, 140 (3d Cir. 2010) (quoting *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The merits of the complaint may not be a factor in assessing IFP status. *See Crawford v. Frimel*, 197 Fed. App'x 144, 145-47 (3d Cir. 2006) (IFP cannot be denied for reasons other than financial ineligibility); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (District Court's decision whether to grant IFP is based solely on the economic eligibility of the petitioner). Because the court has not yet granted IFP, the complaint has not been filed and the merits of the complaint should not be considered.

### III. Conclusion

Having considered the six *Poulis* factors, this action is dismissed without prejudice. In the event that Williams decides he does want to continue with his complaint and IFP application, he may reopen this action by filing a notice with the court. An appropriate Order follows.